UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL BLAKEY,

    Petitioner,

v.

MICHAEL WENEROWICZ,

    Respondent.

CIVIL ACTION NO. 3:13-cv-00575

(CAPUTO, J.)
(SAPORITO, M.J.)

FILED
WILKES BARRE
AUG 13 2015
Per ms

## MEMORANDUM OPINION

On February 25, 2013, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, signed and mailed by the petitioner, Michael Blakey, on February 19, 2013. (Doc. 1). At the time, Blakey was incarcerated at SCI Graterford, located in Montgomery County, Pennsylvania. This matter comes before the Court on Blakey's motion to stay this federal habeas proceeding and hold his petition in abeyance to permit him to exhaust his state court remedies with respect to certain claims not previously presented to the state appellate courts. (Doc. 21).

### I. PROCEDURAL BACKGROUND

On October 29, 2008, following a jury trial, Blakey was convicted of first-degree murder and sentenced to life in prison. *Commonwealth v.*

*Blakey*, Docket No. CP-35-CR-0000982-2008 (Lackawanna County C.C.P.). His conviction and sentence were affirmed on direct appeal by the Superior Court of Pennsylvania on May 26, 2010. *Commonwealth v. Blakey*, 4 A.3d 206 (Pa. Super. Ct. 2010) (table decision).

Blakey filed a *pro se* PCRA petition in the Court of Common Pleas on or about December 7, 2010, which he subsequently withdrew on or about March 31, 2011. *Commonwealth v. Blakey*, Docket No. CP-35-CR-0000982-2008 (Lackawanna County C.C.P.). He filed a second PCRA petition in the Court of Common Pleas on May 24, 2011, which was denied on September 9, 2011. *Id.* The denial of his PCRA petition was affirmed on appeal by the Superior Court of Pennsylvania on July 10, 2012. *Commonwealth v. Blakey*, 55 A.3d 130 (Pa. Super. Ct. 2012) (table decision). He petitioned the Supreme Court of Pennsylvania for allocatur, which was denied on February 5, 2013. *Commonwealth v. Blakey*, 63 A.3d 772 (Pa. 2013) (table decision).

Blakey filed his original federal habeas petition with the United States District Court for the Eastern District of Pennsylvania on February

19, 2013.[1] (Doc. 1). Because it challenged a conviction and sentence imposed by a state court within this judicial district, Blakey's petition was transferred to this Court pursuant to 28 U.S.C. § 2241(d) on February 27, 2013. (Doc. 2).

On March 7, 2013, the Court received and filed Blakey's first motion for stay and abeyance of the petition to permit him to exhaust certain federal habeas claims that he had not yet presented to the state courts. (Doc. 6). On April 3, 2013, the Court denied Blakey's first motion to stay on the ground that his original petition contained only exhausted claims, the purportedly unexhausted claims having been omitted from it. (Doc. 13). That same day, the Court also issued a *Miller/Mason* notice and order to the petitioner, advising him of the effect of his pleadings under the restrictions imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and providing him with the opportunity to elect to proceed with his petition as filed, or withdraw it and file an all-inclusive § 2254 petition within the AEDPA's one-year statutory limitations period.

---

[1] The petition was received and docketed by our sister court on February 25, 2013, but it appears to have been deposited in the prison mail system on February 19, 2013, and thus effectively filed that day. *See* Rule 3(d), 28 U.S.C. foll. § 2254.

(Doc. 14). *See generally Mason v. Meyers*, 208 F.3d 414, 417–19 (3d Cir. 2000); *United States v. Miller*, 197 F.3d 644, 649–52 (3d Cir. 1999).

On May 1, 2014, the Court received and docketed a completed *Miller/Mason* election form from Blakey, in which he indicated that he wished to withdraw his original petition and file another, all-inclusive petition. (Doc. 17). Along with the election form, Blakey submitted an amended petition that included his purportedly unexhausted claims along with those he had previously asserted in his original petition. (Doc. 18). *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants). Both documents were signed and mailed on April 22, 2014, and thus effectively filed that day.[2] (Doc. 17; Doc. 18). *See*

---

[2] In opposing the instant motion to stay, the respondent briefly suggests that these newly added claims are time-barred, but this issue is not fully developed in either party's motion papers. *See generally Mayle v. Felix*, 545 U.S. 644 (2005) (addressing the relation back of claims asserted in an amended habeas petition); *Hodge v. United States*, 554 F.3d 372, 377–78 (3d Cir. 2009) (citing and discussing *Mayle*). Resolution of the statute of limitations issue is best reserved for the ultimate disposition of Blakey's petition after the respondent has answered it and the parties have fully briefed the timeliness issue and any other substantive or procedural issues presented by the petition.

Rule 3(d), 28 U.S.C. foll. § 2254. On May 5, 2014, the Court issued a show-cause order directing the respondent to file an answer to the amended petition. (Doc. 19).

On May 7, 2014, the Court received and docketed a renewed motion by Blakey for stay and abeyance of the petition to permit him to exhaust federal habeas claims that he had not yet presented to the state courts. (Doc. 21). On May 14, 2014, the Court entered an order staying the respondent's obligation to file an answer to the petition until Blakey's motion to stay the entire proceeding was resolved. (Doc. 26). On May 28, 2014, the Court received and docketed Blakey's brief in support of his motion to stay. (Doc. 27). On June 4, 2014, the respondent filed his brief in opposition to the requested stay. (Doc. 28). On June 25, 2014, Blakey filed a reply brief. (Doc. 29).

II. DISCUSSION

Generally, a federal district court may not grant a habeas petition unless the petitioner has first exhausted all available state court remedies. See 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Indeed, the Supreme Court of the United States has held that, when a district court is presented with a "mixed" petition containing both

exhausted *and* unexhausted claims, it must be dismissed without prejudice in its entirety to allow the petitioner an opportunity to achieve "total exhaustion." *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

Fourteen years after the *Lundy* decision, Congress enacted the AEDPA, which imposed a one-year statute of limitations on the filing of federal habeas petitions. *See* 28 U.S.C. § 2244(d); *Rhines v. Weber*, 544 U.S. 269, 273–74 (2005). "As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines*, 544 U.S. at 275.

In response, the federal courts have developed a "stay and abeyance" procedure in which "a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id.* at 276. But this stay-and-abeyance procedure is permitted only in limited circumstances: A district court is permitted to grant a stay only if "the petitioner had good cause for his failure to

exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Here, Blakey contends that he has exhausted available state remedies with respect to some, but not all, of his federal habeas claims.[3] He requests this proceeding on his federal habeas petition be stayed and held in abeyance while he returns to state court to exhaust his previously

---

[3] Generally, for this Court to address the merits of a habeas petition, all of the claims contained in the petition must be exhausted. 28 U.S.C. § 2254(b). Ordinarily, "[t]he exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004); *see also O'Sullivan*, 526 U.S. at 844–55 ("[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . ."). "'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" *Holloway*, 355 F.3d at 714 (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)). A federal claim may be exhausted by presenting it either on direct appeal or in post-conviction PCRA proceedings. *See O'Sullivan*, 526 U.S. at 844 (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)). In Pennsylvania, a federal claim may be exhausted by presenting it to the Superior Court of Pennsylvania, either on direct appeal from a state criminal conviction or on appeal from a PCRA court's denial of post-conviction relief. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, Order No. 218, 30 Pa. Bull. 2582 (Pa. May 9, 2000); Pa. R. App. P. 1114 historical notes (Order of May 9, 2000).

unexhausted claims. But his request for a stay is premised on the mistaken impression that his amended petition is a "mixed" petition, subject to dismissal under *Lundy* and amenable to the stay-and-abeyance procedure under *Rhines*. It is not.

If Blakey were to return to state court now to attempt to exhaust his claims in a new PCRA petition, more than five years after his judgment of conviction became final, his petition would be untimely and the matter would be dismissed pursuant to 42 Pa. Cons. Stat. Ann. § 9545(b). Under this state statute, a PCRA petition must be filed "within one year of the date the judgment becomes final," subject to certain enumerated exceptions not applicable here. *See* 42 Pa. Cons. Stat. Ann. § 9545(b). "When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999) (quoting 28 U.S.C. § 2254(b)(1)(B)(i)); *see also Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no

state remedies any longer 'available' to him."). Thus, for the purpose of this federal habeas proceeding, Blakey's claims are all exhausted, whether actually or technically so.

"Even so, this does not mean that a federal court may, without more, proceed to the merits. Rather, claims deemed exhausted because of a state procedural bar are procedurally defaulted . . . ." *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). Generally, a federal court may not review a habeas claim that is procedurally defaulted. *Johnson v. Folino*, 705 F.3d 117, 127 (3d Cir. 2013). A claim is procedurally defaulted when "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule." *Coleman*, 501 U.S. at 750. The one-year statute of limitations applicable to state PCRA proceedings has been held to be such an independent and adequate state procedural rule. *See Glenn v. Wynder*, 743 F.3d 402, 409 (3d Cir. 2014); *Banks v. Horn*, 49 F. Supp. 2d 400, 403–07 (M.D. Pa. 1999). *See generally Bronshtein v. Horn*, 404 F.3d 700, 708–10 (3d Cir. 2005) (discussing history and strict application of the PCRA statute of limitations since 1999).

"[I]f the challenged claims are procedurally defaulted, not merely unexhausted, then the petition is no longer 'mixed,' the 'stay and abeyance'

issue is moot, and the only question is whether the petitioner can overcome the procedural default of the challenged claims to allow them to be considered by the federal court pursuant to § 2254." *Boss v. Ludwick*, 863 F. Supp. 2d 845, 856 (N.D. Iowa 2012); *see also id.* ("[T]he first question is not whether the *Rhines* factors warrant a 'stay and abeyance,' but whether the 'stay and abeyance' issue is moot."). Blakey's newly added claims are procedurally defaulted, not merely unexhausted. His petition is no longer "mixed"—indeed, it never was, as the one-year state PCRA limitation period expired well before he filed his motion. Therefore, the stay-and-abeyance issue is moot.

Accordingly, the motion to stay (Doc. 21) will be denied as moot, and the respondent will be directed to file a response to the amended petition (Doc. 18).

An appropriate Order follows.

Dated: August __13__, 2015

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge