# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL BLAKEY

    Petitioner,

    v.

MICHAEL WENEROWICZ,

    Respondent.

CIVIL ACTION NO. 3:13-CV-00575

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SAPORITO)

## **MEMORANDUM**

Presently before me is Petitioner Michael Blakey's pro se Motion for Reconsideration (Doc. 60) of my September 6, 2016 Order adopting the Report and Recommendation of Magistrate Judge Saporito, which dismissed with prejudice Petitioner's writ of habeas corpus, denied the issuance of a certificate of appealability, and directed the Clerk of Court to close the case (Doc. 57). Because Petitioner's instant motion is without merit, I will not disturb my September 6, 2016 Order, dismissing with prejudice Petitioner's habeas petition.

### I. Legal Standard

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the movant establishes: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court decided the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café, by Lou–Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). Reconsideration motions also may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment. *Hill v. Tammac Corp.*, Civ. A. No. 05–1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006).

Reconsideration is an extraordinary remedy, and should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

## II. Discussion

In his motion, Petitioner asks "this Court to reconsider its decision to dismiss [Petitioner's] habeas petition [because] Petitioner was not afforded a 'full and fair' opportunity to advance the claims presented in the habeas petition." (Doc. 60, at 1). Petitioner also argues that he "was not allowed to properly address Respondent's answer to the habeas petition and the Magistrate's Report and Recommendation" *Id.* at 8. I disagree.

Petitioner had multiple opportunities to present and advance his claims throughout this case, and availed himself of those opportunities; he has filed several lengthy briefs since commencing this action in 2013, (See Docs. 1, 18, 21, 27, 29, 30, 39, 46, 48, 52), which received the full attention of both Magistrate Judge Saporito (Docs. 31, 32, 38, 43), and me (Docs. 8, 13, 14, 16, 22, 51, 57).

Petitioner was even given a chance to refile his habeas petition in light of the deficiencies in his original petition. I specifically advised Petitioner that if he decided not to refile a corrected petition, once his defective petition was considered on the merits and rejected, he would no longer have the right to simply file another petition raising other grounds for relief. (Doc. 14). He subsequently filed a new habeas petition which, although also fraught with deficiencies, was carefully considered by Magistrate Judge Saporito in his thorough fifty-one-page R&R, dismissing with prejudice Petitioner's writ of habeas corpus. Petitioner was then given an opportunity to object to any portions of the R&R, which he neglected to do, despite being informed of the consequences of failing to object (*See* Doc. 43, at 50-51). I then reviewed the R&R and found no plain error or manifest injustice therein, agreeing with Magistrate Judge Saporito's determination that Petitioner failed to demonstrate a substantial showing of the denial of a constitutional right.

Petitioner now asks for reconsideration of my review of the R&R. However, he fails to demonstrate any of the grounds necessary to warrant reconsideration. *See Max's*

*Seafood Café*, 176 F.3d 677. Namely, Petitioner fails to provide any procedural or substantive grounds for reconsideration and does not allege any change in law or newly discovered facts. Unless new evidence has come to light which, had such evidence been discovered previously, could have affected my decision, or unless the law on an issue has changed since my consideration of that issue, a motion for reconsideration is not proper. *Id.* Petitioner cites to no manifest error of law or fact, nor does he cite to new evidence or claim any change in controlling law.

Instead, Petitioner's instant motion for reconsideration appears to challenge the underlying merits of his habeas petition, presenting the same arguments that the Magistrate Judge had already carefully considered and found to be without merit. Thus, Petitioner's efforts are futile at this juncture. Petitioner abandoned his chance to challenge the merits of the R&R when he knowingly failed to object to it; impermissibly, he now attempts to revive this abandoned opportunity. Because I find that he has not presented any grounds that would merit reconsideration, I will deny his motion.

### III. Conclusion

For the above-stated reasons, Petitioner's Motion for Reconsideration (Doc. 60) of the September 6, 2016 Order (Doc. 57) will be denied.

An appropriate order follows.

November 4, 2016                                    /s/ A. Richard Caputo
Date                                                A. Richard Caputo
                                                    United States District Judge